**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PAR ELECTRICAL CONTRACTORS, INC.,

                         Plaintiff,

    v.                                      No. 05-CV-1409
                                                        (GLS/DRH)

JAMES C. ATKINS,

                        Defendant.

---

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## ORDER

      Presently pending is the motion of plaintiff PAR Electrical Contractors, Inc. ("PAR") for sanctions against defendant James C. Atkins ("Atkins") pursuant to Fed. R. Civ. P. 37(b)(2) for failure to provide discovery. Docket No. 27. PAR seeks a default judgment or, in the alternative, an order requiring Atkins to comply fully with outstanding discovery demands, barring Atkins from objecting to the demands on any ground other than attorney-client privilege, relieving PAR from responding to Atkins' discovery demands until after Atkins has complied with PAR's demands, and awarding PAR reasonable costs and attorney's fees incurred in connection with this discovery matter. Atkins has not opposed the motion.

      In the absence of any contentions to the contrary, the facts asserted by PAR in support of its motion are accepted as true. See Piatak Aff. (Docket No. 27(1). From PAR's supporting affidavit and from the record in this case, it appears that on December 5, 2005, PAR served Atkins with interrogatories and document demands. Piatak Aff. at ¶ 3. Atkins did not respond to these demands and a discovery conference was held with the

undersigned on February 15, 2006. Id. at ¶ 6; Docket Nos. 18, 20. The conference resulted in an order which, inter alia, compelled Atkins to serve responses to PAR's outstanding discovery demands no later than March 3, 2006. Docket No. 22. Despite repeated representations that responses would soon be served, Atkins failed to serve responses. Piatak Aff. at ¶¶ 7-10. On April 4, 2006, PAR was granted leave to file the instant motion on or before April 14, 2006. Docket No. 26. On April 13, 2006, Atkins served certain documents on PAR but no responses to PAR's interrogatories nor any formal response to PAR's document demands. Piatak Aff. at ¶ 12.

Thus, Atkins has failed to comply with the order filed February 17, 2006 compelling discovery responses by March 3, 2006. In such circumstances, Rule 37(b)(2) authorizes the imposition of a full range of sanctions up to and including entry of a default judgment against an offending defendant. However, the entry of a default judgment is the most extreme sanction and is inappropriate at this time in the circumstances of this case for at least two reasons. First, Atkins has indicated a desire to defend this action by serving discovery documents on PAR, albeit after the Court-imposed deadline. Thus, this case does not present a situation where the offending party has completely abandoned his or her discovery responsibilities or indicated by complete inaction an intent to abandon defense of the case. Second, any sanction should be fashioned to address the misconduct and any prejudice therefrom. Here, sanctions less than the ultimate sanction of a default judgment are available.

The remaining sanctions sought by PAR appear appropriate to Atkins' misconduct and the prejudice therefrom to PAR. Therefore, it is hereby

**ORDERED** that PAR's motion for sanctions against Atkins (Docket No. 27) is **GRANTED** and:

1. On or before **June 15, 2006**, Atkins shall serve PAR with complete responses to PAR's interrogatories and document demands;

2. Atkins is barred from objecting to any of PAR's interrogatories or document demands on any ground other than the attorney-client privilege;

3. The deadline for PAR to serve responses to Atkins' outstanding discovery demands is hereby extended to **July 1, 2006**; and

4. Atkins shall pay to PAR the reasonable costs and attorney's fees incurred by PAR as a result of Atkins' failure to comply with discovery demands, and PAR shall file an application supporting the amounts claimed for such costs and fees on or before **July 1, 2006** to which Atkins may file any opposition on or before **July 15, 2006**.

**DEFENDANT JAMES C. ATKINS SHALL TAKE NOTICE** that if he fails to comply timely and completely with this order, further sanctions may be imposed, including but not limited to the entry of a default judgment in favor of PAR against Atkins and the imposition of additional costs and attorney's fees.

**IT IS SO ORDERED.**

DATED: May 26, 2006
        Albany, New York

*David R. Homer*
United States Magistrate Judge

3